

IN THE
TENTH COURT OF APPEALS

No. 10-24-00157-CR

IN RE RONNEY JOE STANDIFER

Original Proceeding

From the 19th District Court
McLennan County, Texas
Trial Court No. 2013-122-C1

MEMORANDUM OPINION

Ronney Joe Standifer, the Relator in this petition for writ of mandamus, seeks to compel the trial court to conduct an in-person hearing on an "omnibus motion" that the trial court has denied. According to the allegations in Standifer's petition for writ of mandamus, he seeks to obtain documents, consult with various medical and other experts, and conduct other discovery *via* the appointment of an attorney and investigators to assist him in preparing and filing an article 11.07 application for a writ of habeas corpus. *See generally* TEX. CODE CRIM. PROC. art. 11.07.[1] The trial court has already

---

[1] So that the Court could make heads or tails of the Petition, it was necessary for the Court to review documents in the previous direct appeal to which Standifer made reference in his Petition. *See Standifer v.*

denied Standifer's omnibus motion. Standifer attempted to appeal that denial. This Court dismissed the appeal because this Court does not have appellate jurisdiction to review that denial. *See Standifer v. State*, No. 10-24-00030-CR, 2024 Tex. App. LEXIS 1016 (Tex. App.—Waco Feb. 8, 2024, no pet.) (not designated for publication).

In the petition for writ of mandamus that Standifer has now filed,[2] which is very difficult to read and understand, it appears Standifer seeks to compel the trial court to hold a hearing on the merits of his omnibus motion, on the record and in person, so that various evidence can be presented.

The ruling on the motion to compel a hearing on the record and in person is unnecessary because the motion on which Standifer seeks the hearing has already been denied. Standifer cites many platitudes and cases referencing due process which apply to the process of conviction and the statutory appellate process, all of which occurred when he was convicted in 2015. *See Standifer v. State*, No. 10-15-00038-CR, 2015 Tex. App. LEXIS 9579 (Tex. App.—Waco Sep. 10, 2015, pet. ref'd) (not designated for publication). While he is troubled by what he views as the apparent lack of cooperation to assist him in obtaining information he believes is now necessary for him to file an application for a writ of habeas corpus, he has not presented anything to this Court upon which this Court can grant him any relief by way of an appeal or a writ of mandamus.

---

*State*, No. 10-24-00030-CR, 2024 Tex. App. LEXIS 1016 (Tex. App.—Waco Feb. 8, 2024, no pet.) (not designated for publication).

[2] Standifer also filed a motion for leave to file his mandamus petition. This motion is no longer required because of a change in the Rules of Appellate Procedure. *See* TEX. R. APP. P. 52, Notes and Comments ("The requirement of a motion for leave in original proceedings [in the court of appeals] is repealed.").

Accordingly, Standifer's petition for a writ of mandamus is denied,[3] and his motion for leave to file his mandamus petition is dismissed as moot.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Petition denied
Motion dismissed as moot
Opinion delivered and filed June 27, 2024
Do not publish
[OT06]



---

[3] Standifer also appears to include a complaint that the district clerk will not tell him what is the cost for copies of various documents he has sought. This Court has no jurisdiction to issue a writ of mandamus against a district clerk. *In re Eller*, 672 S.W.3d 194, 194-195 (Tex. App.—Waco 2023, orig. proceeding).